UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NOEL COVARRUBIA,**

    **Petitioner,**

v.                                     **Civil Action 2:22-cv-314**
                                        **Chief Judge Algenon L. Marbley**
                                        **Magistrate Judge Chelsey M. Vascura**

**HOCKING COUNTY,** *et al.*,

    **Respondents.**

## ORDER and REPORT AND RECOMMENDATION

Petitioner, Noel Covarrubia, who was deported to Venezuela in 1999 following entry of a guilty plea to state-court criminal charges, seeks the issuance of a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a). (ECF No. 1-1.) Although his filing lacks clarity, it appears that Covarrubia relies upon *Padilla v. Kentucky*, 559 U.S. 356 (2010), to challenge the constitutionality of his state-court guilty plea. (*See id*. at PAGEID ## 22-25; 38-39.) This matter is before the undersigned pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states that this Court "must promptly examine" the instant Petition and must dismiss the petition "[i]f it plainly appears . . . that the petitioner is not entitled to relief." *See, e.g., Cole v. Byam*, No. 1:11-cv-115, 2011 WL 1166899, at *1 (W.D. Mich. Feb. 25, 2011) (noting that Rule 1(b) of the Rules Governing Section 2254 Cases affords district courts with discretion to apply the Section 2254 rule to other types of habeas corpus cases, including those brought under 28 U.S.C. §§ 2241 or 1651). Having performed this

examination of Covarrubia's Petition, for the reasons that follow, it is **RECOMMENDED** that Covarrubia's Petition be **DENIED** and that this action be **DISMISSED**.

This matter is also before the Court for consideration of Covarrubia's Motion to Proceed *In Forma Pauperis* (ECF No. 1) and his Motion for Appointment of Counsel (ECF No. 2). Covarrubia's Motion to Proceed *In Forma Pauperis* is **GRANTED**.  It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  Plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE** to re-filing at a later stage of this case.  Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted).  Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606.  The Court has evaluated the factors used to assess whether such circumstances exist in this case and has determined that appointment of counsel is not warranted at this juncture.

## I.

According to the Petition, following entry of a guilty plea to criminal charges in state court, Covarrubia was deported to Venezuela in 1999.  As set forth above, Covarrubia relies upon *Padilla v. Kentucky*, 559 U.S. 356 (2010), to challenge the constitutionality of his state-court guilty plea.  (*See* Petition, ECF No. 1-1 at PAGEID ## 22-25; 38-39 (relying upon *Padilla*).  Covarrubia appears to argue that his attorney rendered ineffective assistance counsel in failing to advise him of the deportation consequences arising from his guilty plea.  (*See, e.g., id*. at PAGEID # 54 ("[Petitioner] presently contends that he was never informed that his immigration status could be affected by pleading guilty to a felony offense . . . ."); PAGEID # 56

2

("Petitioner Noel Covarrubia plead guilty not knowing that the days in the United States were limited and Petitioner Noel Covarrubia would be deported.").)

Covarrubia's petition also includes conclusory assertions that the prosecutors, county officials, the county judge, and the county sheriff's department colluded with his private defense attorney to fail to disclose to him the deportation consequences of his guilty plea. (*See*, *e.g.*, PAGEID # 24 ("In light of the fact that neither Petitioner Noel Covarrubia's counsel, nor the prosecutor, nor the judge advised Petitioner Noel Covarrubia that [he] could be deported, Petitioner Noel Covarrubia had no idea that the guilty plea would not only result in Petitioner Noel Covarrubia being incarcerated but that a direct consequence of that guilty plea would result in the filing of deportation proceedings against Petitioner Noel Covarrubia and finally be deported from the United States of America . . . ."); PAGEID ## 59-60 (alleging that the prosecutor committed "fraud upon the court" by not explaining to Petitioner the immigration consequences); PAGEID ## 69-70 ("When Petitioner Noel Covarrubia was prosecuted, he had no way of knowing that his prosecutors, county officials, county Judge, the Sherriff['s] department and the defense attorney were all involved in this conspiracy and failed to disclose it . . . . Indeed, Petitioner Noel Covarrubia was not even told, before pleading guilty, that he might later be deported from the United States and that was their final goal . . . .").)

## II.

"*Coram nobis* is an extraordinary writ that may be used to vacate a federal sentence or conviction when a 28 U.S.C. § 2255 [or § 2254] motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer in custody." *United States v. Waters*, 770 F.3d 1146, 1146 (6th Cir. 2014) (internal quotation marks and citations omitted). A writ of error *coram nobis* "is so extraordinary that it is used only in 'circumstances compelling

3

such action to achieve justice.'" *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)).

A petitioner seeking *coram nobis* relief must establish the following: "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Hanna v. United States*, 559 F. App'x 75, 75 (2d Cir. 2014) (internal quotation marks and citations omitted); *Frasier v. United States*, 343 F. App'x 985, 986 (5th Cir. 2009) (same); *United States v. Pearl*, 288 F. App'x 651, 653 (11th Cir. 2008) (same); *Morgan*, 346 U.S. at 512 (*coram nobis* request may be considered where "no other remedy [is] available and sounds reasons exist for failure to seek appropriate earlier relief"); *United States v. Nyhuis*, 40 F. App'x 80, 81 (6th Cir. 2002) (noting that "the doctrine of laches applies to *coram nobis* proceedings" and that "[t]o avoid the bar, a *coram nobis* petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously").

### III.

The undersigned recommends dismissal of Covarrubia's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In *Padilla*, decided in 2010, the United States Supreme Court held that the Sixth Amendment requires counsel for a criminal defendant to inform a defendant about the potential for deportation as a consequence arising from a guilty plea. 559 U.S. at 374. In 2013, the Supreme Court held that *Padilla* announced a new rule of law such that it did not apply retroactively. *Chaidez v. United States*, 133 S.Ct. 1103, 1106–07 (2013). Thus, under *Chaidez*, "defendants whose convictions became final prior to *Padilla* cannot benefit from its holding." *Id.* at 1113. Because

4

Covarrubia's 1999 conviction became final prior to the 2010 *Padilla* decision, Covarrubia is not entitled to the relief he seeks. *See Jian Tian Lin v. United States*, 555 F. App'x 560, 560–61 (6th Cir. 2014) (affirming denial of petition for writ of *corum nobis* premised upon *Padilla* where conviction became final prior to *Padilla*); *Chavarria v. United States*, 739 F.3d 360, 363–64 (7th Cir. 2014); *In re Ifenatuora*, 528 F. App'x 333, 336 (4th Cir. 2013). This action must therefore be dismissed.

Moreover, Covarrubia has failed to offer any legitimate explanation for failing to raise his challenges to his conviction sooner and through a timely § 2254 petition. Rather, he offers conclusory, unsupported, and implausible assertions that his defense counsel and a number of county officials "framed" him to ensure that his ex-wife retained sole custody of his children, but fails to explain why he has waited almost 23 years to file this action. Finally, the undersigned's search revealed that Covarrubia previously, in 2013, filed a petition for a writ of *coram nobis* in this Court on nearly identical grounds. *See Covarrubia v. State of Ohio*, 2:13-cv-816, JLG-NMK (S.D. Ohio 2013). In his 2013 action, Covarrubia similarly relied on *Padilla* to challenge the constitutionality of his state-court conviction on the grounds that his defense counsel failed to advise him that his conviction could subject him to deportation. *Id*. In the 2013 case, the Court dismissed Covarrubia's action because his conviction became final prior to *Padilla*. (*See* Case No. 2:13-cv-816, Oct. 22, 2013 R. & R., ECF No. 5, *adopted* Nov. 15, 2013 Order, ECF No. 5.) Thus, the undersigned alternatively recommends that Covarrubia's action be dismissed as barred by the doctrine of *res judicata*. *See Montana v. U.S.*, 440 U.S. 147, 153 (1979) ("[A] final judgment on the merits bars further claims by parties or their privies based on the same cause of action."); *cf. Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) ("The

5

purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.").

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that Covarrubia's Petition be **DENIED** and that this action be **DISMISSED**. In addition, Covarrubia's Motion to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**, and his Motion for Appointment of Counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE** to re-filing at a later stage of this case.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE